Citation Nr: 1829335 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 11-24 554 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Whether the character of the Veteran's discharge from service for the period from July 3, 1985 to July 26, 1990 constitutes a bar to Department of Veterans Affairs (VA) benefits based on that period of service. 

2. Entitlement to service connection for a cervical spine disability, characterized as cervical spine injury, to include compressed C5-C6 with arthritis.

3. Entitlement to service connection for a left knee disability.

4. Entitlement to service connection for a right shoulder disability, characterized as ruptured bursa, right shoulder.

5. Entitlement to service connection for a left shoulder disability, characterized as ruptured bursa, left shoulder



REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

N. Keogh, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from July 1980 to July 1990. His DD 214 Form for this entire period indicates he received an other than honorable discharge, but in the Remarks section clearly shows that he had continuous honorable active service from July 7, 1980 to July 2, 1985 and immediately reenlisted at the conclusion of this period. 

These matters comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision and April 2017 administrative decision of a Department of Veterans Affairs (VA) regional office (RO).

In January 2017, the Board remanded this claim for further development. 


REMAND

In March 2018, the Veteran's representative submitted an opinion from a private psychiatric provider opining that the Veteran met VA's definition of insanity, pursuant to 38 C.F.R. 3.354, during his final year of service, including during three periods when the Veteran was absent without leave (AWOL). 

The Board finds an additional medical opinion is necessary before adjudicating the Veteran's character of discharge issue. The private psychiatric provider's opinion was based almost entirely on the Veteran's lay statements regarding family and financial issues, without addressing the Veteran's psychiatric treatment history. Therefore, an additional opinion must be obtained to assess if the Veteran met VA's definition of insanity pursuant to 38 C.F.R. § 3.354(a) during his periods of being AWOL. 
 
The remaining service connection claims are remanded as "inextricably linked together" with the character of discharge issue, because a favorable resolution of the character of discharge issue "could have a significant impact" on the outcome of the remaining claims. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to identify all treatment for his psychiatric disorder and obtain all identified records.

2. After completing the above development, schedule a VA examination to determine whether the Veteran was insane during his periods of AWOL. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The examination report must include a notation that this record review took place. The March 2018 private provider opinion should be addressed. 

A complete history should be elicited directly from the Veteran, and any tests and studies deemed necessary by the examiner should be conducted. All findings should be reported in detail. The examiner is also asked to provide the following information:

The examiner should opine on whether it is at least as likely as not that (i.e., to at least a 50 percent degree of probability) the Veteran had an acquired psychiatric disorder other than a personality disorder at the time of periods of AWOL.

If the Veteran had an acquired psychiatric disorder other than a personality disorder at the time of periods of AWOL, the examiner should opine on whether it is at least as likely as not that (i.e., to at least a 50 percent degree of probability) the acquired psychiatric disorder during the periods of AWOL (i) caused the Veteran to exhibit a more-or-less-prolonged deviation from his normal method of behavior, (ii) interfered with peace of society, or (iii) caused the Veteran to become so departed from the accepted standards of the community to which by birth and education he belonged as to lack the adaptability to make further adjustment to the social customs of the community in which he resided.

Clear rationales for the opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. However, if a requested opinion cannot be provided without resorting to speculation, the examiner should so state and explain why an opinion cannot be provided without resorting to speculation. 

3. After readjudicating the character of discharge issue, and after completing any additional development deemed necessary, readjudicate the Veteran's claims for service connection for a cervical spine disability, a left knee disability, a right shoulder disability, and a left shoulder disability. If any sought benefit remains denied, issue a supplemental statement of the case, and provide the Veteran and his representative with the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



____________________________________________
MICHAEL LANE 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).

Department of Veterans Affairs